**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TRACY HUA and CHI HUNG MU,<br><br>          Plaintiff,<br><br>     v.<br><br>NATIONSTAR MORTGAGE LLC and ZUCKER, GOLDBERG & ACKERMAN, LLC,<br><br>          Defendants. | Civil Action<br><br>No. 2:14-cv-07801-SDW<br><br>**Motion Returnable: March 16, 2015** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS THE COMPLAINT, WITH PREJUDICE**

**SANDELANDS EYET LLP**
*Attorneys for Defendant, Nationstar Mortgage LLC*
William C. Sandelands, Esq.
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
wsandelands@sandelandslaw.com
908-470-1200

## **TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .............................................. 2

ARGUMENT ....................................................................................................................... 5

    I.    PLAINTIFFS' CLAIMS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT ARE NOT COGNIZABLE AS A MATTER OF LAW ........... 5

        A. Plaintiffs' Claims Under the Fair Debt Collection Practices Act Must be Dismissed, as They are Time-Barred……………………………………….....5

        B. Plaintiffs' Complaint Under the FDCPA Fails to State a Claim Upon Which Relief Can Be Granted…………………………………………………...…8

        C. The Complaint Must Be Dismissed Pursuant to The Entire Controversy Doctrine………………………………………………….……………..…12

CONCLUSION ................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

Angers v. Pennymac Loan Services, LLC, 2014 WL 6668001 (D.N.J. November 24, 2014)……5

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ……………………………………….……9, 11

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)…………………………………..…..8, 9

Ciser v. Nestle Waters North America, Inc., No. 11-cv-1531 (WJM), 2013 WL 396139 (D.N.J. Jan. 31, 2013)……………………………………………………………………………11

Coleman v. Chase Home Fin., LLC, 446 F. App'x 469, 471 (3d Cir. 2011)……………………12

DeJoy v. Comcast Cable Communications, Inc., 941 F. Supp. 468, 472 (D.N.J. 1996)……......8

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir.2009)……………………….....8, 9

Glover v. FDIC, 698 F.3d 139, 150 (3d Cir. 2012)……………………………………………5

Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013)…………………………..9

McNeil v. U.S., 508 U.S. 106, 113 (1993)……………………………………………………..9

Parker v. Pressler & Pressler, LLP, 650 F.Supp.2d 326, 341 (D.N.J. 2009)…………………...6, 7

Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192 (3d Cir.1993)……………………………………………………………………………..2

Perry v. Grant, 775 F. Supp. 821, 824 (M.D.Pa. 1991)………………………………………...8

Pryor v. Nat'l Coll. Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002)……………………….....2

Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007)………………………………………2

Zebrowski v. Wells Fargo Bank, N.A., No. 1:07-cv-05236 (JHR), 2010 WL 2595237 (D.N.J. June 21, 2010)……………………………………………………………………...12

**Statutes**

15 U.S.C. § 1692………………………………………………………………………….*passim*

**Rules**

F.R.C.P. 12(b)(6) ............................................................................................................ *passim*

N.J. Ct. R. 4:30A……………………………………………………………………………12

N.J. Ct. R. 4:64-5……………………………………………………………………………...12

Defendant Nationstar Mortgage LLC (i/p/a Naitionstar Mortgage LLC, and hereinafter "Nationstar" or "Defendant"), by and through undersigned counsel, hereby moves to dismiss (the "Motion") the Complaint (the "Complaint"), with prejudice, of plaintiffs Tracy Hua and Chi Hung Mu ("Plaintiffs") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELMINARY STATEMENT**

By way of this action, Plaintiffs seek to collaterally attack a foreclosure action that is pending against them in the Superior Court of New Jersey with respect to property located at 6 Jewel Road, West Windsor Township, New Jersey, under the guise of several alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

Plaintiffs' claims in this action must fail as a matter of law for three (3) separate and independent reasons. First, the claims are time-barred under the FDCPA's one-year statute of limitations. Second, the Complaint fails to state a claim upon which relief can be granted. The allegations stated therein simply consist of recitations of the elements of various causes of action, without any factual or legal support. As such, they do not satisfy the minimum pleading requirements established by the federal courts. Finally, the Complaint is precluded by operation of New Jersey's Entire Controversy Doctrine. More specifically, Plaintiffs are barred from bringing their purported FDCPA claims as a separate federal action, when these claims could have been asserted as part of the pending state foreclosure litigation.

For these reasons and those that follow, Defendant respectfully requests that Plaintiffs' Complaint against it be dismissed, with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

Plaintiffs are the mortgagors with respect to property located at 6 Jewel Road, West Windsor Township, New Jersey (the "Property'). In addition to their ownership of this Property, Plaintiffs are also the owners/mortgagors of numerous other properties located in Philadelphia, Pennsylvania. Plaintiff Tracy Hua has been involved in several state court foreclosure actions in Pennsylvania concerning these properties, and she has also filed several actions in federal court under the FDCPA with respect to properties she owns.[2] See Certification of William C. Sandelands, Esq. (hereinafter "Sandelands Cert.") at ¶ 5 and Exhibit A.[3]

On or around April 10, 2007, plaintiff Chi Hung Mu executed a Promissory Note (the "Note"), by way of which he agreed to repay a loan in the amount of $787,500. See Sandelands Cert. at ¶ 6 and Exhibit A. Mr. Mu and Ms. Hua further executed a Mortgage agreeing to secure the Note with the 6 Jewel Road property (the loan evidenced by the Note and secured by the Mortgage is hereinafter referred to as the "Mortgage Loan"). See Sandelands Cert. at ¶ 6 and

---

[1] Capitalized terms not specifically defined in this Memorandum of Law shall have the same meaning as set forth in the Certification of William C. Sandelands, Esq. dated February 11, 2015 (the "Sandelands Cert.") submitted herewith.

[2] See e.g. 14-cv-6766 and 14-cv-6767, filed in the U.S. District Court for the Eastern District of Pennsylvania.

[3] Defendant is mindful that a court considering a motion to dismiss generally relies on the complaint, exhibits attached thereto and matters of public record, including other judicial proceedings. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007). However, the court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document." Pension Benefit Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir.1993). In addition, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Coll. Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002).

Exhibit B.  The Mortgage Loan went into default on or around May 1, 2011 due to Plaintiffs' failure to make monthly mortgage payments.  See Plaintiffs' Complaint, ECF 1 (hereinafter "Compl.") at ¶ 10.

On or around May 14, 2013, Nationstar, the servicer of the Mortgage Loan, instituted a Foreclosure Action against Chi Hung Mu and Tracy Hua in the Superior Court of New Jersey – Chancery Division, Mercer County, under Docket No. F-16342-13 (the "Foreclosure Action"). See Sandelands Cert. at ¶ 9 and Exhibit F.  Mr. Mu and Ms. Hua filed a Contesting Answer to the Complaint, with Affirmative Defenses, in the Foreclosure Action on or around June 12, 2013. See Sandelands Cert. at ¶ 10 and Exhibit G.  By way of that Answer, Mr. Mu and Ms. Hua specifically admitted that the terms of the Note and Mortgage were as set forth therein, and that they "stopped making payments" on the Mortgage Loan.  See Exhibit G at ¶¶ 1, 2 and 6.

On or around June 9, 2014, the parties to the Foreclosure Action entered into a Consent Order, which was signed by the Hon. Paul Innes, P.J.Ch.  That Order provided that the Answer and Affirmative Defenses filed on behalf of the defendants were to be deemed as non-contesting, and that the action was to further proceed as an uncontested action.  See Sandelands Cert. at ¶ 11 and Exhibit H.  On or around September 17, 2014, Michael H. Gaier, Esq., who had been retained to substitute in as counsel for Plaintiffs (as defendants in the Foreclosure Action), filed a Motion to Vacate the Consent Order.  See Sandelands Cert. at ¶ 12 and Exhibit I.  It was indicated in the motion that prior counsel for Plaintiffs had entered into the June 9, 2014 Consent Order without Plaintiffs' permission, and that Plaintiffs, in fact, intended to continue contesting the Foreclosure Action.  That motion was granted by Order of Judge Innes dated December 3, 2014, which reinstated the Contested Answer and set a trial date in that action for March 16,

2015.  See Sandelands Cert. at ¶ 13 and Exhibit J.

Plaintiffs filed their Complaint in this matter on or around December 10, 2014, in which they assert claims against Nationstar and Zucker, Goldberg & Ackerman, LLC, who are attorneys for Nationstar in the Foreclosure Action.  More specifically, Plaintiffs assert claims against all of the defendants under several different sections of the FDCPA – Sections (g), (e)(10), (f)(1), (e)(12), (j) and (e)(2)(A).

Plaintiffs appear to base these claims upon various notices that they received in connection with the default on the Mortgage Loan and the debt that they owe with respect to the same, as well as the assignments of the Mortgage from First National Bank of Arizona to Aurora Bank FSB ("Aurora") on November 25, 2011, and from Aurora to Nationstar on March 18, 2013.  See Sandelands Cert. at ¶¶ 7-8 and Exhibit D and E.  Plaintiffs assert that Nationstar is somehow attempting to collect a "non-existent debt" and, therefore, the notices they received in connection with their admitted default of the Mortgage Loan violate the FDCPA.  See Compl. at ¶ 36.  With respect to the notices, Plaintiffs disingenuously assert that they are "least sophisticated consumers" and that the Mortgage Loan is a "debt" under FDCPA jurisprudence. The Complaint further states that the notices caused "confusion" and "frustration," which allegedly led to "nervousness," "worry, mental and emotional stress."  See Compl. at ¶¶ 30-32. By way of their Request for Relief, Plaintiffs seek "[a]nticipatory damages in the amount of the value of" the 6 Jewel Road property, as well as statutory damages and actual damages for "mental stress, loss of sleep, worry, nervousness and anxiety."  See Compl. at p. 11.

The within Motion to Dismiss Plaintiffs' Complaint follows.

## ARGUMENT

### I. PLAINTIFFS' CLAIMS UNDER THE FAIR DEBT COLLECTION PRACTICES ACT ARE NOT COGNIZABLE AS A MATTER OF LAW

#### A. Plaintiffs' Claims Under the Fair Debt Collection Practices Act Must be Dismissed, as They are Time-Barred

As an initial matter, Plaintiffs' claims against Nationstar under the Fair Debt Collection Practices Act ("FDCPA") are time-barred pursuant to the plain language of that statute. Pursuant to 15 U.S.C. § 1692k(d), claims brought under the FDCPA must be brought "within one year from the date on which the violation occurs." As to this statute of limitations set forth in the FDCPA, it has been established by courts in the Third Circuit that the statute should begin to run on "a date which may be 'fixed by objective and visible standards,' one which is easy to determine, ascertainable by both parties, and may be easily applied." Glover v. FDIC, 698 F.3d 139, 150 (3d. Cir. 2012) (internal citation omitted). Applying this standard, the Third Circuit Court of Appeals concluded that a plaintiff's FDCPA claim began to accrue when his mortgage modification agreement was signed, and the statement of the debt collector in that case therefore became "objectively false." Id.

This standard was applied once again very recently by this Court in Angers v. Pennymac Loan Services, LLC, 14-cv-4701 (AET), 2014 WL 6668001 (D.N.J. November 24, 2014). In Angers, the court held that the statute of limitations on a plaintiff's FDCPA claim began to run in September 2011, when the defendant (Pennymac Loan Services) told her that it had authority to modify her loan when it did not, in fact, have such authority. Id. At *3 (citing Glover, supra, at 150). As such, the plaintiff's claim was time-barred under 15 U.S.C. § 1692k(d) because she did not file her Complaint until July 2014, well over one year after the statute began to run. Notably,

5

the court also rejected the plaintiff's arguments that it should adopt a "last opportunity to comply with the Act" approach and allow for the statute to "restart" every month before plaintiff made a mortgage payment. Id. At *3-4.

This court has further held that "the course of litigation is not, in itself, a 'continuing violation' of the FDCPA" and that "new communications…concerning an old claim…d[o] not start a new period of limitations." Parker v. Pressler & Pressler, LLP, 650 F.Supp.2d 326, 341 (D.N.J. 2009) (internal citations omitted).

Plaintiffs' Complaint in this matter was filed on December 10, 2014. Thus, the "violation" that caused Plaintiffs' alleged damages under the FDCPA must have occurred on or after December 10, 2013 in order for the claims to be timely. According to the Complaint and exhibits attached thereto, Plaintiffs' FDCPA claims are based upon notices that they received from and on behalf of Nationstar concerning the subject mortgage loan. Plaintiffs acknowledge in the Complaint, however, that the loan has been in default since May 1, 2011. See Compl. at ¶ 10. They specifically reference notices that they received in May 2011 and June 2013 concerning the debt, as well as notifications of assignments of the mortgage, which are dated November 28, 2011 and March 18, 2013, and the filing of the Foreclosure Action itself in May 2013.

Plaintiffs' Complaint alleges that the above-referenced notices caused them mental and emotional stress, worry, nervousness and anxiety. They also appear to assert that the notices of assignment of the Mortgage, initially from First National Bank of Arizona to Aurora in

November 2011, and from Aurora to Nationstar in March 2013, caused them confusion.[4] Applying the standard set forth above that our courts have established regarding when the FDCPA statute of limitations begins to run, the logical point in time for the statute to begin running here would be in May 2011, when Plaintiffs began receiving these notices that allegedly caused them confusion, frustration and stress. Notably, each count of the Complaint vaguely refers to *all* of the notices as a whole having caused Plaintiffs' alleged damages. There is no allegation whatsoever that any one specific notice sent to Plaintiffs, or any specific action at all taken by Nationstar, constituted a violation of the FDCPA.

Moreover, by December 10, 2013, Plaintiffs were already actively involved in the foreclosure litigation concerning the subject property, as evidenced by the Contesting Answer filed on their behalf in June 2013. Any argument by Plaintiffs that communications sent to them after that date should "restart" the statute must be rejected, just as the Third Circuit and District of New Jersey have repeatedly rejected such arguments. Given the pendency of the foreclosure action at that point, any such communications merely would have been made in the "course of litigation" and, as was made clear by this Court in Parker, new communications concerning an old claim do not "reset" the statute of limitations. Parker, 650 F.Supp.2d at 341. Indeed, the *only* communication made on behalf of Nationstar after December 10, 2013 that is referenced in Plaintiffs' Complaint is a July 14, 2014 letter from Nationstar's counsel in the Foreclosure Action notifying Plaintiffs of Nationstar's intent to proceed with an application for final judgment of foreclosure. Clearly, this communication was made as a result of the Consent Order

---

[4] This assertion is highly disingenuous in light of Plaintiffs' ownership of numerous investment properties, and their involvement in several foreclosure actions and other litigation concerning the mortgage loans on these properties.

entered in the Foreclosure Action on June 9, 2014, which specifically indicated that the action would be proceeding as uncontested. As such, this letter simply was sent as part of the ordinary course of the foreclosure litigation. In no way, shape or form could it constitute an event that would restart the statute of limitations under the FDCPA, based upon the well-settled jurisprudence set forth above.

Consequently, Plaintiffs' FDCPA claims must be dismissed on the ground that they are barred by the applicable one-year statute of limitations.

### B. Plaintiffs' Complaint Under the FDCPA Fails to State a Claim Upon Which Relief Can Be Granted

Generally speaking, Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a claim if, after accepting as true all of the plaintiff's allegations and the reasonable inferences derived, no relief could be granted under any set of facts set forth in the Complaint. Although "a complaint attacked by Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted). Further, although the facts pled are assumed as true in this context, there still must be factual allegations sufficient to state a claim. Id. at 562-63.

It is also important to note that legal conclusions made under the guise of factual allegations are not given the presumption of truthfulness. DeJoy v. Comcast Cable Communications, Inc., 941 F. Supp. 468, 472 (D.N.J. 1996); see also Perry v. Grant, 775 F. Supp. 821, 824 (M.D.Pa. 1991) ("conclusory allegations of law, unsupported conclusions and

unwarranted references need not be accepted as true.") Moreover, in considering a Rule 12(b)(6) motion to dismiss, courts must determine whether the "facts alleged in the complaint are sufficient to show the plaintiff has a 'plausible claim for relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). The plaintiff's allegations, taken together, must support a plausible claim under *each* cause of action. Id. at 210.

Here, even reading the Complaint in the light most favorable to Plaintiffs and assuming that they are "least sophisticated consumers," as they allege[5], it is clear that the Complaint fails to meet the minimum pleading requirements to survive the within Motion to Dismiss. Simply put, the Complaint does not come close to satisfying the Twombly facial plausibility standard as to Nationstar. Taking into account the allegations of the Complaint themselves, the exhibits thereto and the authenticated public records attached to the Certification of Counsel and described herein, of which this court may take judicial notice, it is beyond dispute that Plaintiffs have failed to set forth any cognizable claim against Defendant under the FDCPA. Stated otherwise, the Complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Further, even the most liberal construction of the Complaint in light of Plaintiffs' appearance as a *pro se* litigant does not cure the Complaint's basic failure to set forth facts sufficient to survive a Rule 12(b)(6) motion for dismissal. Mala v. Crown Bay Marina, Inc., 704

---

[5] Once again, contrary to Plaintiffs' claim that they are "least sophisticated consumers," public records reveal that Tracy Hua has been the mortgage holder on no less than twenty-eight (28) different properties in Philadelphia, Pennsylvania, and both Plaintiffs have been involved in numerous state foreclosure actions, as well as litigation in federal court, concerning these properties. See e.g. Exhibit A; see also federal court dockets referred to in fn. 2 herein.

9

F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim."); see also McNeil v. U.S., 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel"). Essentially, the standard applicable to pleadings requires a plaintiff to plead more than the *possibility* of relief to survive a motion to dismiss pursuant to Rule 12(b)(6). Fowler, supra, at 209-10.

In this regard, the Complaint does not set forth any facts to support Plaintiffs' claims against Defendant under multiple sections of the FDCPA. More specifically, the six Counts of the Complaint merely recite the elements of the causes of action asserted therein, supported only by conclusory statements with no factual basis. For example, in the First Count of the Complaint, Plaintiffs baldly state that they "served defendant Notice of Dispute in compliance with 15 U.S.C 1692g." See Compl. at ¶ 35. However, there is no indication as to when any such notice was sent, nor is any such notice provided as an exhibit to the Complaint. Plaintiffs further state that defendants are attempting to collect "non-existent debt." See Compl. at ¶ 36. Not only does this statement lack any factual support, but it is directly contradicted by Plaintiffs' own admission in the Complaint that the Mortgage Loan was in default as of May 1, 2011, as well as the acknowledgement in their Answer filed in the Foreclosure Action that they "stopped making payments." See Compl. at ¶ 10; see also Sandelands Cert. at Exhibit G, ¶ 6.

Next, Plaintiffs assert in the Second Count of the Complaint that Nationstar "through deceptive and unfair practices piggy backed off alleged contract were not a party too, purporting to be a creditor when that are in fact a debt collector." See Compl. at ¶ 40. This statement appears to assert that the assignment of the Mortgage to Nationstar was somehow an "unfair or

10

deceptive action." Once again, however, this bare assertion lacks any legal or factual support, and it does not set forth a "plausible" claim for relief sufficient to survive this Motion to Dismiss.

The Third Count is similarly lacking in any factual or legal basis. In support of this claim, Plaintiffs appear to suggest that the debt on the Property was never accelerated. However, even assuming the debt had not previously been accelerated, the filing of the Foreclosure Complaint itself in May 2013 would constitute an acceleration of the debt under New Jersey law.

Finally, Counts Four, Five and Six assert that defendants made false representations that the account was turned over to innocent purchasers for value; that someone other than the creditor was attempting to collect the debt; and as to the character, amount or legal status of the debt, respectively. Again, no factual support is offered for any of these allegations. In fact, the allegations clearly are contradicted by Plaintiffs' own admissions that the debt was in default, and that they had stopped making payments on the Mortgage Loan.

Also telling as to Plaintiffs' failure to state any plausible claim for relief is the fact that the principal relief they seek is "[a]nticipatory damages in the amount of the value of property." See Compl. at p. 11. Thus, Plaintiffs assert that they have been damaged by defendants' alleged violations of the FDCPA, but they are unable to set forth these purported damages with any specificity, just as they have failed to provide any factual or legal support for their FDCPA claims. The court must disregard such conclusory allegations, meriting a dismissal of the Complaint pursuant to Rule 12(b)(6). See Ciser v. Nestle Waters North America, Inc., No. 11-cv-1531 (WJM), 2013 WL 396139, *3 (D.N.J. Jan. 31, 2013) (citing Iqbal, supra, at 678).

In short, under the well-settled law discussed above, the allegations of Plaintiffs' Complaint fail to set forth any claim for relief that is "plausible on its face." Accordingly,

11

Plaintiffs have failed to satisfy even the minimum pleading requirements with respect to their FDCPA claims against this Defendant, and the Complaint must be dismissed as a matter of law.

### C. The Complaint Must Be Dismissed Pursuant to The Entire Controversy Doctrine

In addition to Plaintiffs' claims in this matter being barred under the FDCPA statute of limitations and being dismissible under Rule 12(b)(6) based upon their lack of merit, they also are barred by New Jersey's Entire Controversy Doctrine, as they properly belong in the underlying Foreclosure Action.

"The entire controversy doctrine compels the parties, when possible, to bring all claims relevant to the underlying controversy in one legal action. When the court finds that a claim not joined under the original action falls within the scope of the doctrine, that claim is barred." Coleman v. Chase Home Fin., LLC, 446 F. App'x 469, 471 (3d Cir. 2011) (citing N.J. Ct. R. 4:30A). The doctrine "bar[s] claims that were actually litigated or could have been litigated in previous state court actions." Zebrowski v. Wells Fargo Bank, N.A., No. 1:07-cv-05236 (JHR), 2010 WL 2595237, *16 (D.N.J. June 21, 2010). "New Jersey courts have held that the primary consideration in determining if successive claims are part of the same controversy is whether the claims 'arise from related facts or from the same transaction or series of transactions.' It is a 'commonality of facts, rather than [a] commonality of issues, parties, or remedies that defines the scope of the controversy.'" Coleman, 446 F. App'x at 471-72.

N.J. Ct. R. 4:64-5 further requires that all "germane" counterclaims be joined in a foreclosure action." Id. at 472. Among the claims which are "germane" to a New Jersey foreclosure action are those (1) "challenging the circumstances surrounding origination of the

loan," (2) "challenging the validity of the loan itself," and (3) "challenging the amount due on the mortgage." Zebrowski, supra, at *16-17. "Indeed, the Appellate Division has been 'clear that any conduct of a mortgagee known to the mortgagor prior to the institution of a foreclosure that could be the basis of an independent action for damages by reason of the mortgagee having brought the foreclosure could be raised as an equitable defense in the foreclosure.'" Id. at *17 (internal citation omitted). If such "alleged improprieties occurred prior to the foreclosure proceedings", they "should have been raised as defenses or counterclaims there." Id. at *18.

To the extent one can discern any purported factual basis for Plaintiffs' FDCPA claims against Nationstar, said claims appear to be based upon the notices sent by and on behalf of Nationstar to Plaintiffs concerning the debt on the Mortgage Loan, as well as the notifications of the Mortgage being assigned. As detailed above, all of these notices were received prior to the Foreclosure Action being brought in May 2013. Certainly, therefore, Plaintiffs were aware of the conduct that allegedly forms the basis of their Complaint here *prior to* the filing to the Foreclosure Action. As such, the facts demonstrate that this action is an improper attempt to plead claims that should properly have been asserted as part of Plaintiffs' Contesting Answer in the Foreclosure Action. Consequently, in addition to the claims being time-barred and not satisfying the minimum pleading requirements, they are barred by operation of the Entire Controversy Doctrine.

## **CONCLUSION**

Based on the foregoing reasons of fact and law, Plaintiffs' Complaint must be dismissed with prejudice as to defendant Nationstar Mortgage LLC.

Respectfully submitted,

**SANDELANDS EYET LLP**
*Attorneys for Defendant, Nationstar Mortgage LLC*

Dated: February 11, 2015   By:   /s/ William C. Sandelands
William C. Sandelands, Esq.
1545 U.S. Highway 206, Suite 304
Bedminster, NJ 07921
wsandelands@sandelandslaw.com
908-470-1200